Filed 5/11/26  P. v. Martinez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086232 |
| v. | (Super.Ct.No. RIF2205974) |
| PASCUAL ARREDONDO MARTINEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jason Armand, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pascual Arredondo Martinez appeals from the judgment entered after a jury found him guilty on one count of committing a lewd or lascivious act upon a child under the age of 14 (Pen. Code, § 288, subd. (a); unlabeled statutory citations are to this code) and three

1

counts of misdemeanor simple assault (§ 240).  We appointed counsel to represent Martinez on appeal, and counsel filed a brief raising no issues and requesting an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738.  We affirm.

BACKGROUND

In November 2023, the People filed an information charging Martinez with three counts of lewd or lascivious acts upon a minor (E.G.) under the age of 14 and a fourth count of lewd or lascivious acts upon a different minor (A.P.) under the age of 14. (§ 288, subd. (a).)  The People alleged that Martinez committed the offenses against multiple victims and that the circumstances were aggravated because he took advantage of a position of trust and confidence to commit the offenses against particularly vulnerable victims.  (§ 667.61, subd. (e)(4); Cal. Rules of Court, rule 4.421(a)(3), (a)(11).)

According to the evidence introduced at trial, Martinez became intoxicated at family parties.  He would drink approximately 12 beers, and he sometimes threw up.  The adults at the parties would be "in the dining room, kitchen or outside in the backyard," and Martinez would "always" go inside the house and "end up in the kids' room somehow."  On one occasion, E.G. was in the kitchen getting a popsicle out of the freezer, and Martinez came inside.  He approached her from behind, wrapped his arms around her stomach, and touched her "front private part" with his hand.  E.G. felt "kind of scared," and she thought it was a "game."

2

At another party, E.G. went to the kitchen to get a tortilla. Martinez approached her, and he touched her "back butt." She "got really scared," and Martinez stopped.

During a third incident, E.G. came into the house because there were too many bugs outside, and she wanted to watch television. Martinez came into the house, and he touched her under her dress and over her shorts. E.G. started "moving a lot," and he stopped "touching [her]."

E.G.'s stepmother had seen Martinez "focus more attention towards" E.G. and touch her inner thigh, and the stepmother did not "think that a grown man [should] touch any child like that." At one party, E.G.'s stepmother noticed that E.G. was inside the house with Martinez, and she had E.G.'s father go inside to get her. E.G.'s father and stepmother subsequently asked E.G. whether somebody had "touched her in places that she shouldn't be touched," and she began to cry when they asked who "made her feel uncomfortable." E.G. told them that Martinez had touched her "private parts." The following day, the stepmother asked E.G. about what had happened with Martinez, and E.G. said that he touched her "in an adult way." E.G. also said that A.P. told her that Martinez had touched her too.

E.G.'s stepmother called A.P.'s mother and told her what E.G. had said. E.G.'s father and stepmother called law enforcement too. Law enforcement arrested Martinez in December 2022. During law enforcement's interview of Martinez, he said that he was drunk and that if he touched E.G. and A.P., it was "not on purpose." He wrote an apology letter, stating that he was "extremely sorry" "for having done inappropriate things." He

3

said that he did not "know why [he] would have done it, but [he was] not capable of doing it that way."

A forensic interviewer interviewed E.G. and A.P. A.P. told the interviewer that Martinez "slid" his hand "under" after he picked her up "like, a baby." At trial, A.P. testified that Martinez picked her up, and he "had his hand, like, on [her] bottom."

The jury found Martinez guilty on one count of lewd or lascivious acts. On the remaining counts, the jury found him not guilty of the charged crime but guilty of the lesser included offense of misdemeanor simple assault (§ 240) as to each of those counts. The jury found that Martinez took advantage of a position of trust and confidence and that the victims were particularly vulnerable, but the jury found the multiple victim special circumstance allegation not true.

The trial court sentenced Martinez to six years in state prison for the lewd or lascivious act and to six months for each of the three simple assaults, for a total sentence of seven years six months. The court awarded Martinez 905 days of actual custody credit and 135 days of conduct credit for a total of 1,040 days.

DISCUSSION

Martinez's appointed appellate counsel filed a brief that raised one potentially arguable issue: whether there is sufficient "evidence to show [Martinez] had the requisite sexual intent or willfully committed a lewd act." Counsel asked that we independently review the record under *Wende*. After counsel filed the *Wende* brief, we advised Martinez that he could file a personal supplemental brief, and we received no response.

4

We have independently reviewed the record and found no arguable error that would result in a disposition more favorable to Martinez.  (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.)  Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

McKINSTER
Acting P. J.

LEE
J.

5